Dear Coroner O'Neal:
In response to your inquiry to this office, note that the sheriff's office must transport an individual who is the subject of a physician's emergency certificate to the appropriate treatment facility. See R.S.28:53(F) and Attorney General Opinions 98-181, 96-362 and 95-314. Note further that it is the duty of any "peace officer" to accomplish the transport; the statute does not impose this responsibility exclusively upon the sheriff. Finally, a physician's certificate is valid for seventy-two hours pursuant to R.S. 28:53(B)(3)[1]; transportation must be initiated within that time period. See R.S. 28:53(F)[2].
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 28:53(B)(3) provides:
(3) The certificate shall be dated and executed under the penalty of perjury, but need not be notarized. The certificate shall be valid for seventy-two hours and shall be delivered to the director of the treatment facility where the person is to be further evaluated and treated.
[2] R.S. 28:53(F) provides:
F. An emergency certificate shall constitute legal authority to transport a patient to a treatment facility and shall permit the director of such treatment facility to detain the patient for diagnosis and treatment for a period not to exceed fifteen days, and to return the patient to the facility if he is absent with or without permission during authorized periods of detention. If necessary, peace officers shall apprehend and transport, or ambulance services under appropriate circumstances, may locate and transport, a patient on whom an emergency certificate has been completed to a treatment facility at the request of either the director of the facility, the certifying physician or psychologist, the patient's next of kin, he patient's curator, or the agency legally responsible for his welfare. The director of the treatment facility shall notify the patient's nearest relative, if know, or designated responsible party, if any, in writing of the patient's admission by emergency certificate as soon as reasonably possible.
OPINION NUMBER 98-181
JUNE 23, 1998
64-1-C Mental Health 78 Officers — Dual Officeholding 107 Sheriffs'
R.S. 28:53
R.S. 28:53.2
R.S. 42:63
The sheriff's office must transport an individual under an emergency certificate or an order for protective custody. A coroner's investigator may serve as a sheriff's deputy or reserve deputy only if one of the positions is part-time.
Dr. T. R. Brustowicz Coroner, St. Tammany Parish 5001 Fairway Center, Suite B-5 Covington, LA 70433
Dear Doctor Brustowicz:
This office is in receipt of your request for an opinion of the Attorney General in regard to transportation of mental health patients. You ask the following questions:
 1.A. Is it legal for a coroner's investigator/employee to transport a mental health patient on the order of a police officer to a facility where the patient is then examined with this being done under the auspices of an order for protective custody?
 B. On the same note, is it also okay for the same person to transport a mental health patient on order of a coroner's emergency certificate or a physician's emergency certificate to a mental health inpatient facility?
 2. Is it legal/ethical/appropriate for a coroner's investigator/employee to be a sheriff's deputy or reserve deputy.
We note that R.S. 28:53.2 commences with the directive that "any parish coroner or judge of a court of competent jurisdiction may order a person to be taken into protective custody and transported to a treatment facility or the office of the coroner for immediate examination" following a statement by a peace officer or other credible person that a person is mentally ill or suffering from substance abuse and is in need of treatment to protect the person or others. In earlier opinions of this office it has been concluded that the sheriff must transport the person to be taken into protective custody in compliance with an order issued under R.S. 28:53.2. Atty. Gen. Op. Nos. 96-362, 94-511, 81-660. The basis for the conclusions reached in these opinions was the requirement under C.C.P. Art. 321 that the sheriff was the proper party to execute "citations, summons, subpoenas, notices and other process and shall execute writs, mandates, orders and judgments directed to him by the district courts, the courts of appeal, and the supreme court."
In Atty. Gen. Op. No. 81-660 it was found if an order was issued by a judge or a coroner under R.S. 28:53.2 that order should "be executed by the sheriff", and this conclusion was reaffirmed in the latter opinions. As observed in the latest opinion, "We find nothing that would change these conclusions."
We find it important to recognize the order for protective custody under R.S. 28:53.2 results from an order of the corner or judge following a statement of a peace officer or other credible person that they believe the person is in need of immediate treatment to protect them or others from harm, and the individual shall be examined upon arrival at atreatment facility.
However, an emergency certificate requires there be an examination of the person by any physician or psychologist before issuance of the emergencycertificate, and, if a person cannot afford a private physician for an examination, a credible person may request the coroner or have a judge order an examination, and after examination, if it is determined that the person is a danger to himself or others, the examining physician may execute an emergency certificate. However, in either situation the statute provides that the failure to conduct an examination prior to execution of the emergency certificate shall be evidence of gross negligence.
This office has stated not only that the emergency certificate is legal authority for the sheriff to transport a patient to a treatment facility, Atty. Gen. Op. 96-362, 80-1083, but that "the sheriff's department is required to transport these patients under legal authority granted in R.S. 28:53(F), Atty. Gen. Op. 83-346. R.S. 28:53(F) provides that "an emergency certificate shall constitute legal authority to transport a patient to a treatment facility" where the person is further evaluated. This office reasoned that the commitment orders for involuntary, custodial treatment of mental illness or chemical dependency are civil in nature, and the statutory authorization to physicians to issue emergency certificates is a delegation of a function traditionally of the coroner. R.S. 28:53 authorizes peace officers of the jurisdiction to transport an identified patient to a treatment center under the civil order, Atty. Gen. Op. 89-583.
Therefore, we would conclude that an order for protective custody or an emergency certificate is a civil order to be executed by the sheriff under the authority of C.C.P. 321. Moreover, while the execution is of a civil order, the transfer of a mentally ill person who is a danger to himself or others is best left to a qualified peace officer rather than an investigator.
The answer to your question whether the coroner's investigator/employee can be a sheriff's deputy or reserve deputy is controlled by the dual officer holding law, R.S. 42:63(E). In pertinent part this provides that no person holding a full-time appointive office in a political subdivision of the state shall at the same time hold another full-time appointive office or full-time employment in the government of a political subdivision of the state.
The coroner's investigator is an appointed position and, as such, if full-time, would be prohibited from serving as a sheriff's deputy or reserve deputy if it is also full-time. However, if either position is part-time there would be no prohibition from holding both appointments.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
OPINION NUMBER 96-362
September 16, 1996
64-1-C Mental Health 107 — Sheriffs
R.S. 28:53
R.S. 28:142
R.S. 28:145
The Sheriff's department must transport mentally ill patients, but the cost of the service is to be reimbursed.
Captain Jerry Raiford Tangipahoa Parish Sheriff's Office Hammond Sub-Station 42259 S. Morrison Blvd. Hammond, LA 70403
Dear Captain Raiford:
This office is in receipt of your request for an opinion of the Attorney General in regard to the responsibility for transportation of individuals under an order of a coroner's commitment. You ask the following questions:
 1. What police authority is "legally" responsible for the initial transportation of Coroner Commitments or Evaluation, if the patient lives within the city limits of Hammond or Ponchatoula, Louisiana, when those police departments share equal arrest power with the Sheriff? This question can be summed-up as, "who can serve a coroner's warrant?"
 2. If a Coroner's Commitment is made from an in-parish facility, to an out-parish facility, is the police department who made the initial transport to the in-parish facility responsible for the patient's secondary (out-of-parish) facility transportation?
 3. Who is responsible for transportation of a patient to an evaluation center who entered the emergency room of a medical hospital, either by ambulance or private vehicle and the emergency room physician issues a P.E.C., (Physician Emergency Certificate).
 4. Who is responsible for transportation of a person entering Rosenblum Mental Health Center, and is evaluated by a doctor, and is in need of confinement to a hospital.
 5. In cases of patient transportation for the coroner, (by whatever police agency) is the expense for transportation recoverable from the coroner's office, and if not, from whom.
In regard to your first question as to which police authority is responsible for transportation of a patient who lives within the city limits, we find a similar question was presented in Atty. Gen. Op. No. 81-660. Therein it was asked if the Police Department of the municipality should carry out the order of protective custody from the coroner, and the Attorney General concluded a with a protective order issued pursuant to R.S. 28:53.2 the Orleans Parish Sheriff was the proper party to execute a protective order issued by the coroner. This conclusion was based upon the provisions of C.C.P. Art. 321 that provide the sheriff, as the executive officer of the district, shall serve citations and other processes.
Atty. Gen. Op. No. 94-511 reaffirmed Atty. Gen. Op. No. 81-660, with the conclusion that "the sheriff (or his authorized constable or marshal) must transport the person to be taken into protective custody if presented with the order of the coroner, issued in compliance with LSA-R.S. 28:53.2".
We find nothing that would change these conclusions.
In answer to your second and third inquiry for a transfer from a facility in the parish to one out of the parish, or from an emergency room of a hospital to an evaluation center under an emergency certificate, we again find that the sheriff for the parish where the patient is being held must transport that individual to the other parish or the evaluation center. Atty. Gen. Op. No. 83-346 found that the sheriff's department must committed by a parish mental health unit, noting therein that various parish mental health unit, noting therein that various parish mental health units are often the treatment facilities where persons committed under emergency certificates are transported.
Also, in Atty. Gen. Op. No. 80-1083 in response to the sheriff's concern about his authority to transport a person to a mental facility outside of the parish pursuant to a physician's emergency commitment certificate, this office found there was legal authority for the transportation quoting R.S. 28:53(F).
With regard to your inquiry about transportation of a person entering Rosenblum Mental Health Center, a part of the Department of Health and Hospitals, to a hospital, we assume this is in regard to a person under a commitment who is determined to be also in need of medical care. To answer the question we would follow the logic expressed by the Attorney General in Atty. Gen. Op. No. 81-660 wherein it was recognized that with a person who may be a danger to himself or others, trained personnel such as the sheriff would be the proper party to pick up and transport them to the proper facility in order to provide law and order on the streets.
Your final question is relative to payment of the expense for transportation. You ask if it is recoverable from the coroner's office, and, if not, from whom.
This office has made it clear in numerous opinions that while the sheriff's department must transport mentally ill patients, they are not required to pay for the service and should be reimbursed. In Atty. Gen. Op. No. 83-346 it was observed the sheriff would be reimbursed by the police jury, but further stated that the amount of remuneration depends upon on the nature of the fees and where a patient resides. It was additionally related that the question of a parish resides. It was additionally related that the question of a parish governing body being encumbered for transporting patients to another state agency is covered by R.S. 28:145 which places the cost of these transfers on the party requesting the transfer. It was stated, "If a state agency requests the transfer, then they must pay for the transfer by reimbursing the Sheriff's Department for its expenses."
The provisions relative to responsibility for costs are set forth in the statutes as follows:
 R.S. 28:142 — "Cost of Transportation" — If financially able, the patient or his legally responsible relations shall pay all costs incident to transporting the patient to the mental hospital; otherwise the department, the case of a nonresident, or the parish in which the hearing was held, in the case of a resident, shall pay these costs. If a patient's domicile is in a parish other than that in which the hearing was held, the former parish shall reimburse the latter for these costs.
 Fee for transporting patients shall be in accordance with the special laws establishing fee for transporting prisoners.
 R.S. 28:145 — "Cost of Transfer" — The person requesting the transfer shall pay the costs of transferring a patient between institutions. The department shall pay the costs of transfers made at its request.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
OPINION NUMBER 95-314
September 6, 1995
64-1-C Mental Health 107 — Sheriff R.S. 28:53
When a sheriff transports an individual to a treatment facility under an order of protective custody, upon arrival at the facility he has completed his obligation by turning the individual and order over to the personnel of the facility.
Mr. Malcolm Millet Chief Criminal Deputy Acadia Sheriff's Office P.O. Box 289 Crowley, La 70527-0289
Dear Mr. Millet:
This office is in receipt of your request in regard to the sheriff's responsibility in fulfillment of a protective custody order in transporting an individual to a Substance Abuse Center. You indicate that some Centers expect the deputy to remain at the facility until they process and accept the individual transported under the commitment order, but the Sheriff's Department feels once the individual is transported, they have completed their obligation.
There does not appear to be any question as to the correctness of a long line of opinions of this office that recognizes that the sheriff has the duty to transport an individual to a treatment facility under an order for commitment whether it be by a Physician's Emergency Certificate or an Order for Protective Custody. Atty. Gen. Op. Nos. 94-511, 92-463, 84-775, 81-660. Your question is more narrow and basically asks when is this duty fulfilled.
With regard to admission by an emergency certificate under R.S.28:53J(2) it is provided when the examining physician determines under the standards set forth by the statute that an emergency certificate is justified, he shall execute the certificate and "shall transport or cause to be transported" the person named in the certificate to a treatment facility. In Paragraph "L(1)" it is provided a peace officer may take a person into protective custody and transport him to a treatment facility for a medical evaluation when "as a result of personal observation" he has reasonable grounds to believe the person is a proper subject for involuntary admission to a treatment facility. In the Section 2 of Paragraph L, it is specifically stated "upon arrival at the treatment facility the escorting peace officer shall than be relieved of any further responsibility and the person shall be immediately examined by a physician who shall determine if the person shall be voluntarily admitted, admitted by emergency certificate or discharged.
We feel while it is not specifically stated relative to a sheriff's transportation to a treatment facility other than by personal observation that he is relieved of any further responsibility upon his arrival at a treatment facility whether he acted under a Order of Protective Custody or a Physician's Emergency Certificate. We find no basis upon which a treatment facility can refuse to accept the individual transported by the sheriff under an order of custody. The order for protective custody constitutes legal authority to transport a patient to a treatment facility and permits the director of such facility to detain the patient for independent examination and diagnosis which may then result in continued confinement and treatment.
Thus, after an individual has been transported to the treatment facility, the facility is obligated to conduct further examinations in order to determine continued custody, but we would conclude that upon arrival at the facility the sheriff has fulfilled his statutory obligation when he turns over the order and the individual identified in the order to the personnel of the facility.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR